UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS OREGON,<br><br>        Petitioner,<br><br>v.<br><br>KELLY SANTORO,<br><br>        Respondent. | Case No. 1:17-cv-00259-DAD-JDP (HC)<br><br>FINDINGS AND RECOMMENDATION THAT COURT DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS |

Petitioner Juan Carlos Oregon, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254, citing alleged defects in his criminal trial. Specifically, he maintains that (1) the trial court erred in instructing the jury on uncharged conspiracy and aiding and abetting theories of liability, (2) there was insufficient evidence to support his convictions of attempted murder and assault with a semiautomatic firearm on a peace officer, (3) there was insufficient evidence to support the gang and gang-related firearm enhancements, (4) the firearm enhancement law violates equal protection, (5) the longer prison term and greater fines imposed on resentencing violate the prohibition against double jeopardy, and (6) he received ineffective assistance of counsel. We recommend that the court deny the petition and decline to issue a certificate of appealability.

**I. Background**

Petitioner drove a stolen car in a high-speed car chase while his backseat passenger fired a semiautomatic weapon at pursuing police officers. Petitioner was tried and convicted by jury of two counts of attempted premeditated murder of a peace officer; two counts of assault with a semiautomatic firearm on a peace officer; and one count each of being a felon in possession of a firearm, receiving a stolen vehicle, and recklessly evading a peace officer while operating a motor vehicle. The jury also found true the allegations supporting gang enhancements in each count and firearm enhancements in counts one through four. The trial court sentenced petitioner to an aggregate prison term of 79 years to life and imposed various fines and fees. Petitioner appealed. The Court of Appeal found that the admission of codefendants' out-of-court statements violated petitioner's Sixth Amendment rights and that the error was not harmless beyond a reasonable doubt. The Court of Appeal reversed his convictions on all counts except for reckless evasion and remanded the case for a new trial.

On remand, the felon in possession count was dismissed and petitioner was retried on all remaining counts. The jury found him guilty on all counts and found all the special allegations to be true. The trial court found the original prior prison term allegations in each count to be true and sentenced Oregon to an aggregate prison term of 80 years to life—more than the original sentence—and imposed various fines and fees that were also higher than originally imposed. The Court of Appeal found that the longer prison sentence and greater fines on resentencing violated petitioner's double jeopardy rights and reduced his prison term and fines accordingly.

We set forth below the facts of the underlying offenses, as stated by the Court of Appeal. A presumption of correctness applies to these facts. *See* 28 U.S.C. § 2254(e)(1); *Crittenden v. Chappell*, 804 F.3d 998, 1010-11 (9th Cir. 2015).

> On the night of February 20, 2010, Oregon, while driving a stolen car, suddenly sped away from two Bakersfield police officers as the officers were approaching the car on foot during a traffic stop. A high-speed car chase ensued, during which Oregon's backseat passenger, Jaime Vidal Aguirre, used a semiautomatic firearm to blow out the back windshield of the stolen car and fire shots at the officers' patrol car behind them.
> When Oregon eventually stopped the stolen car in a densely populated area, Oregon, Aguirre, and Anthony Manuel Perez (the front seat passenger) got

2

> out and ran away. Police found a number of items near and inside the stolen car including: a black diaper bag [that] contained binoculars, three masks (two "Halloween masks" and a black ski mask), and a loaded, nine-millimeter semiautomatic handgun; a working police scanner "tuned into . . . the Bakersfield Police Department's Channel 1 radio traffic"; a key fob containing 11 shaved keys; cotton work gloves; a black hat with the letter "T" on it; a black T-shirt; a blue beanie cap; and a sock containing live .45-caliber bullets.
> When Oregon was eventually apprehended on April 13, 2010, he was driving another stolen car, had in his possession a keyring with numerous car keys on it, and attempted to flee officers by foot, after he ran into a tree with the car. In a police interview, Oregon admitted he was the driver of the stolen car during the subject incident and that he had used the shaved keys found in that car to steal other cars.

*People v. Oregon*, No. F068964, 2016 WL 194707, at *1 (Cal. Ct. App. Jan. 15, 2016).

## II. Discussion

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition. *See* § 2254; *Harrington v. Richter*, 562 U.S. 86, 97 (2011); *Woodford v. Garceau*, 538 U.S. 202, 206-08 (2003). To decide a Section 2254 petition, a federal court examines the decision of the last state court to have issued a reasoned opinion on the habeas claims. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

When a state court has adjudicated a petitioner's claims on the merits, the federal court reviews the state court's decision under the deferential standard of Section 2254(d). Section 2254(d) bars a federal court from granting habeas relief unless the state court's decision is (1) contrary to clearly established federal law, (2) a result of an unreasonable application of such law, or (3) based on an unreasonable determination of the facts. *See* § 2254(d); *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018). A state court's decision is contrary to clearly established federal law if it reaches a conclusion "opposite to" a holding of the United States Supreme Court or a conclusion that differs from the Supreme Court's precedent on "materially indistinguishable facts." *Soto v. Ryan*, 760 F.3d 947, 957 (9th Cir. 2014) (citation omitted). The state court's decision unreasonably applies clearly established federal law when the decision has "no reasonable basis." *Cullen v. Pinholster*, 563 U.S. 170, 188 (2011). An unreasonable

3

determination of facts occurs when a federal court is "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Loher v. Thomas*, 825 F.3d 1103, 1112 (9th Cir. 2016). A federal habeas court has an obligation to consider arguments or theories that "could have supported a state court's decision." *See Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2557 (2018) (quoting *Richter*, 562 U.S. at 102). On all issues decided on the merits, the petitioner must show that the state court's decision is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Even when a state court does not explicitly address a petitioner's claims on the merits, a Section 2254 petitioner must satisfy a demanding standard to obtain habeas relief. When a state court gives no reason for denying a petitioner's habeas claim, a rebuttable presumption arises that the state court adjudicated the claim on the merits under Section 2254(d). *See Richter*, 562 U.S. at 99. And a federal habeas court's obligation to consider arguments or theories that could support a state court's decision extends to state-court decisions offering no reasoning at all. *See Sexton*, 138 S. Ct. at 2557.

If a state court denies a petitioner's habeas claim solely on a procedural ground, then Section 2254(d)'s deferential standard does not apply, *see Visciotti v. Martel*, 862 F.3d 749, 760 (9th Cir. 2016), but the petitioner faces another hurdle: if the state court's decision relies on a state procedural rule that is "firmly established and regularly followed," the petitioner has procedurally defaulted on his claim and cannot pursue habeas relief in federal court unless he shows that the federal court should excuse his procedural default. *See Johnson v. Lee*, 136 S. Ct. 1802, 1804 (2016); *accord Runningeagle v. Ryan*, 825 F.3d 970, 978-79 (9th Cir. 2016). If the petitioner has not pursued his habeas claim in state court at all, the claim is subject to dismissal for failure to exhaust state-court remedies. *See Murray*, 882 F.3d at 807.

If obtaining habeas relief under Section 2254 is difficult, "that is because it was meant to be." *Richter*, 562 U.S. at 102. As the Supreme Court has put it, federal habeas review "disturbs the State's significant interest in repose for concluded litigation, denies society the right to punish

some admitted offenders, and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority." *Id.* at 103 (citation omitted). Our habeas review authority serves as a "guard against *extreme* malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (emphasis added).

Here, petitioner raises the same habeas claims that his appellate counsel raised to the Court of Appeal: (1) the trial court erred by instructing the jury on the uncharged conspiracy and aiding and abetting theories of liability, (2) there was insufficient evidence to support his convictions of attempted murder and assault with a semiautomatic firearm on a peace officer, (3) there was insufficient evidence to support the gang and gang-related firearm enhancements, (4) the firearm enhancement law violates equal protection, (5) his longer prison term and greater fines on resentencing violates the prohibition against double jeopardy, and (6) he received ineffective assistance of counsel if any issues were forfeited by counsel's failure to object. The Court of Appeal granted a reduction in sentence and also reduced fines, finding that there had been a double jeopardy violation; found no reason to consider ineffective assistance of counsel; and rejected petitioner's other grounds for appeal. The California Supreme Court denied review. This court reviews the last reasoned opinion—that of the Court of Appeal.

**A. Jury Instructions**

Petitioner argues that the trial court erred by instructing the jury: (1) that under a modified version of CALJIC 3.02, he could be found guilty either for committing a crime or for aiding and abetting another in the commission of a crime; (2) that it could find petitioner guilty of attempted murder as a natural and probable consequence of entering into a conspiracy to commit assault or robbery under CALJIC Nos. 6.10.5 and 6.11; and (3) on the uncharged crime of conspiracy as a theory of liability. Petitioner made these arguments before the California Court of Appeal, which rejected them on the merits.

To the extent that petitioner claims that the trial court erred under California law in giving the challenged instructions, his claim is not cognizable on federal habeas review. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991);

5

*see also* 28 U.S.C. § 2254(a). Habeas relief is not available for an alleged error in the interpretation or application of state law. *See Estelle*, 502 U.S. at 68.

The Due Process Clause of the Fourteenth Amendment protects the accused against conviction except upon proof beyond a reasonable doubt of every element of the crime with which he or she is charged. *In re Winship*, 397 U.S. 358, 364 (1970). *See, e.g.*, *Solis v. Garcia*, 219 F.3d 922, 926-27 (9th Cir. 2000) (holding that the *Winship* rule was not violated when a jury was given instructions on liability under the natural and probable consequences doctrine that included all elements of second degree murder, even though the jury was not given instructions on the target crime of second degree murder that defendant allegedly had committed as an aider and abettor).

Petitioner's jury instruction claims do not provide constitutional grounds for relief and are not supported by clearly established Supreme Court precedent. To the contrary, habeas petitions seeking relief on these grounds are routinely denied. *See Spivey v. Rocha*, 194 F.3d 971, 977 (9th Cir. 1999) (upholding the denial of habeas relief for instruction under CALJIC 3.02); *Mendoza v. Runnels*, No. 05-55736, 2007 WL 3022103, at *2 (9th Cir. Oct. 17, 2007) (unpublished memorandum disposition) (relying on clearly established Supreme Court law and affirming the denial of a Section 2254 due process claim challenging CALJIC 3.02); *Garcia v. Foulk*, No. C 13-05237 BLF (PR), 2015 WL 2148031, at *6-14 (N.D. Cal. May 4, 2015).

Even if the instructions had violated the Constitution, there would be little, if any, reason to believe that they had a substantial and injurious effect on the jury's verdict or the trial proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (setting forth harmless error standard applicable to criminal trial constitutional errors). Petitioner has given us no reason to conclude otherwise. Accordingly, the Court of Appeal's rejection of petitioner's instructional error claims was neither an unreasonable application of, nor contrary to, clearly established federal law as determined by the Supreme Court.

**B. Sufficiency of the Evidence**

Petitioner argues that there was insufficient evidence to support his convictions and enhancements. He made these arguments before the Court of Appeal, which rejected them on the merits.

A criminal conviction unsupported by evidence can violate the Fourteenth Amendment's guarantee of due process, *see Jackson v. Virginia*, 443 U.S. 307, 317-18 (1979), but a habeas petitioner challenging the sufficiency of evidence must overcome "two layers of judicial deference," *Coleman v. Johnson*, 566 U.S. 650, 651 (2012). Under *Jackson*, the appellate court on direct appeal decides "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319 (emphasis in original). On habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable." *Maquiz v. Hedgpeth*, 907 F.3d 1212, 1225 (9th Cir. 2018) (quoting *Coleman*, 566 U.S. at 651). Combining the holding of *Jackson* and Section 2254 deference, petitioner must show that "*no* fairminded jurist could conclude that *any* rational trier of fact could have found sufficient evidence to support the conviction." *Id*.

**1.     Attempted Murder and Assault with a Semiautomatic Firearm on a Peace Officer**

Petitioner contends that, under any of the prosecution's theories of liability, there was insufficient evidence to support his convictions of attempted murder of a peace officer and assault upon a peace officer with a semiautomatic firearm.[1] He argues that he had other motivations for evading police officers when they tried to make a traffic stop: he was driving a stolen car and holding shaved keys—equipment for stealing cars. He also argues that when he sped away from officers, he was trying to put distance between the shooter in his back seat and pursuing

---

[1] The prosecution's theories, as reflected in the challenged jury instructions, were direct aiding and abetting, natural and probable consequences doctrine of aiding and abetting, and uncharged conspiracy to commit robbery or assault. The Court of Appeal found sufficient evidence to support the first theory of liability and did not reach the other two.

7

officers—apparently in a purported attempt to protect the officers.  A rational juror, however, could find otherwise—concluding, for example, that petitioner was trying to both evade capture and to facilitate the shootings with a shared intent to kill.  There was evidence to support such a finding, including evidence that petitioner and his codefendants conferred immediately before speeding off.  Thus, a fairminded jurist could find sufficient evidence of intent to kill and assault through direct aiding and abetting.  *See Oregon*, 2016 WL 194707, at *6.

### 2. Gang and Gang-Related Firearm Enhancements

Petitioner contends that there was insufficient evidence to support the gang and gang-related firearm enhancements.  He argues that the evidence was insufficient to show that he committed the charged offenses with the specific intent to assist, further, or promote criminal conduct by gang members.

Between August 2004 and April 2013, petitioner had been in contact with Varrio Bakers gang members, had been found in their territory, had been arrested for crimes associated with the gang, and had been arrested in the company of Varrio Bakers gang members while engaging in gang-associated criminal activity.  Additionally, a gang expert opined that petitioner's crimes had furthered the interests of the Varrio Bakers gang.  Under California law, these facts are sufficient to support an inference that his crimes were gang-related.  *See Oregon*, 2016 WL 194707, at *8 (citing *People v. Miranda*, 192 Cal. App. 4th 398, 412-13 (2011); *People v. Villalobos*, 145 Cal. App. 4th 310, 322 (2006); and *People v. Morales*, 112 Cal. App. 4th 1176, 1198-99 (2003)). Thus, a fairminded jurist could find sufficient evidence to support the gang and gang-related firearm enhancements.

### C. Equal Protection

Petitioner claims that the firearm enhancement set forth in Penal Code Section 12022.53(e)(1) violates equal protection because it punishes aiders and abettors of crimes committed for the benefit of street gangs more severely than aiders and abettors of crimes committed for the benefit of equally or more dangerous criminal associations, such as hate groups or terrorist organizations.  Petitioner made this argument before the Court of Appeal, which rejected it on the merits.

8

To make out an equal protection claim, petitioner must show that he was intentionally treated differently from similarly-situated individuals and that there was no rational basis for the different treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also United States v. Ellsworth*, 456 F.3d 1146, 1149 (9th Cir.) (rational basis test applies to equal protection challenges based on allegedly disparate sentences), *cert. denied*, 549 U.S. 1089 (2006). Here, petitioner fails to allege a prima facie case.

First, petitioner fails to demonstrate that California law makes any material distinction between criminal street gangs on the one hand and any other criminal organization referenced by petitioner on the other, such that application of Section 12022.53 here would even implicate equal protection. *See, e.g.*, *People v. Hernandez*, 134 Cal. App. 4th 474, 481 (2005) ("Indeed it could be argued the two classes of aiders and abettors [a "criminal street gang" and "other outlaw organizations"] are so similar [that] section 12022.53 does not distinguish between them and there is no equal protection issue . . . ."). Under Penal Code section 186.22, a "criminal street gang" is defined as "'any ongoing organization, association, or group of three or more persons, whether formal or informal' that has as one of its 'primary activities' the commission of one or more statutorily enumerated criminal offenses, and through its members engages in a 'pattern of criminal gang activity.'" *People v. Sengpadychith*, 26 Cal. 4th 316, 319-20 (2001) (quoting Cal. Penal Code § 186.22(f)). "Although [Section 186.22] was aimed at gangs such as the Bloods [and] the Crips . . . (see [Penal Code] section 186.21) a case could be made it also covers the White Knights of the K[u] Klux Clan, the 'Mexican Mafia,' and Al-Qaeda." *Hernandez*, 134 Cal. App. 4th at 481 n.40.

Second, even if petitioner had shown that he was treated differently from similarly-situated defendants under Section 12022.53, his claim would still fail, since he has not satisfied the heavy burden of showing that the statutory distinction lacked a rational basis. The distinction for sentencing purposes between aiders and abettors of firearm users who commit murder for the benefit of a "criminal street gang," and those who do so for the benefit of equally dangerous criminal organizations, "must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."

9

*FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). As the Court of Appeal observed, the State of California has a legitimate interest in reducing the incidence of gang firearm violence that is rationally served by punishing and deterring those who aid and abet gang-related gun use. *See Oregon*, 2016 WL 194707, at *9 (citing *Hernandez*, 134 Cal. App. 4th at 483). Because the Court of Appeal's analysis was neither contrary to nor an unreasonable application of clearly established Supreme Court law, petitioner's equal protection claim must be denied. *See* 28 U.S.C. § 2254(d)(1).

### D. Double Jeopardy and Ineffective Assistance of Counsel

Petitioner asserts that the longer sentence and greater fines that the trial court imposed on resentencing violated the constitutional prohibition against double jeopardy. This claim is moot; the Court of Appeal ruled in petitioner's favor and he is no longer subject to the extra time or fines. Separately, petitioner argues that, if any of the issues raised in his grounds were forfeited by his counsel, then this court should find his counsel to have provided ineffective assistance. Since these grounds were considered on the merits by the Court of Appeal, petitioner has no ineffective assistance of counsel claim. Therefore, petitioner's assertions of double jeopardy and ineffective assistance of counsel are inapposite. He is not entitled to relief on these final two claims, and no other claim remains. We recommend that the court deny the petition in its entirety.

## III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court should decline to issue a certificate of appealability.

**IV.    Findings and Recommendations**

We recommend that the court deny the petition and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. District Court Judge presiding over the case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    February 17, 2020

UNITED STATES MAGISTRATE JUDGE

No. 204.